UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-10009-CR-MOORE

UNITED STATES OF AMERICA,

v.

GEOFFREY RODRIGUES., et al.,

_____/

ORDER GRANTING GOVERNMENT'S MOTION *IN LIMINE* TO REQUEST
EXCLUSION OF DEFENDANTS' ARGUMENTS ON
LEGISLATIVE AND EXECUTIVE BRANCH IMMIGRATION POLICIES

**THIS CAUSE** came before the Court upon the Government's Motion *in Limine* to Request Exclusion of Defendants' Arguments on Legislative and Executive Branch Immigration Policies (DE # 163).

**UPON CONSIDERATION** of the motion and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Government's Motion *in Limine* to Request Exclusion of Defendants' Argument on Legislative and Executive Branch Immigration Policies (DE # 163) is **GRANTED.** The "Wet-Foot/Dry-Foot" policy and the Cuban Adjustment Act ("CAA") are irrelevant to the Defendants' case, and the Defendants are prohibited from raising any arguments regarding the "Wet-Foot/Dry-Foot" policy and the CAA.

Defendant Dominguez claims he is entitled to argue that he lacked the requisite intent to further the immigrants' illegal status in the United States because the "Wet-Foot/Dry-Foot" policy and the CAA give Cuban immigrants special status, making Cuban immigrants who enter illegally, even those who do not enter at a port-of-entry, eligible for a status adjustment "to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255 Cuban Refugees; Adjustment of Status(b); see

Def. Resp. at 8. However, the CAA provides that the only aliens eligible for this adjustment are those who have "been inspected and admitted or paroled into the United States." 8 U.S.C. § 1255 Cuban Refugees; Adjustment of Status(b). The possibility that the immigrants may be "inspected and admitted or paroled into the United States" pursuant to the "Wet-Foot/Dry-Foot" policy and become eligible for a status adjustment in the future does not give them legal status immediately upon their arrival. See United States v. Pereira-Pineda, 721 F.2d 137, 139 (5th Cir. 1983). Additionally, "[i]t would be a misuse of the parole concept to conclude that one who physically transports into the United States persons not otherwise entitled to come in cannot be guilty . . . if the United States grants parole to those brought in." Id. at 139-40.

Defendant argues, in essence, that he believed the "Wet-Foot/Dry-Foot" policy and the CAA gave the aliens special status, and therefore he lacked the intent required by the various statutes with which he is indicted. See Def. Resp. at 7. Defendant's beliefs about the law are irrelevant to his intent as required by the criminal statutes, as

> [t]he *mens rea* presumption requires knowledge only of the facts that make the defendant's conduct illegal, lest it conflict with the related presumption, "deeply rooted in the American legal system," that, ordinarily, "ignorance of the law or a mistake of law is no defense to criminal prosecution." *Cheek v. United States,* 498 U.S. 192, 199, 111 S.Ct. 604, 609, 112 L.Ed.2d 617 (1991). Cf. *United States v. Freed,* 401 U.S. 601, 612, 91 S.Ct. 1112, 1119, 28 L.Ed.2d 356 (1971) (Brennan, J., concurring in judgment) ("If the ancient maxim that 'ignorance of the law is no excuse' has any residual validity, it indicates that the ordinary intent requirement-*mens rea*-of the criminal law does not require knowledge that an act is illegal, wrong, or blameworthy.").

Staples v. U.S., 511 U.S. 600, 622 n.3 (1994). Accordingly, Defendant's argument that "the effect of the Cuban Adjustment Act is the significant ingredient in this case that underlies the very essence of the charged crimes and the defendant's constitutional right to contest those charges" fails. Def. Resp. at 10. The "Wet-Foot/Dry-Foot" policy and the CAA did not affect the aliens' status at the time of the conduct at issue, and a Defendant's misperception of that status would not provide a valid

defense in this case. The "Wet-Foot/Dry-Foot" policy and the CAA are therefore irrelevant to this case, and granting the Government's Motion *In Limine* to Request Exclusion of Defendants' Arguments on Legislative and Executive Branch Immigration Policies will not violate any Defendant's constitutional rights.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of March, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record